Michael E. Brewer (SBN 177912)
michael.brewer@bakermckenzie.com
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Lily S. Duong (SBN 322274)
lily.duong@bakermckenzie.com
**Baker & McKenzie LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856-2400

Attorneys for Defendant
MARTEN TRANSPORT, LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA MORRISON AND MICHAEL LOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARTEN TRANSPORT, LTD., and DOES 1-20, inclusive,<br><br>Defendants. | Case No. _____<br><br>(Removed from Alameda County Superior Court, Case No. 23CV029816)<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)** |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 81(c), Defendant Marten Transport, Ltd. ("Marten" or "Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 23CV029816 in the Superior Court of the State of California for the County of Alameda. As set forth below, removal is proper based on the Class Action Fairness Act of 2005 ("CAFA").

CASE NO. _____
DEFENDANT'S NOTICE OF REMOVAL

## I. TIMELINESS OF REMOVAL

1. On March 22, 2023, Plaintiffs Dianna Morrison and Michael Loper, on behalf of themselves, and all others similarly situated ("Plaintiffs") filed a class action complaint against Marten in the Superior Court of California, County of Alameda, Case No. 23CV029816. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Civil Case Cover Sheet, Addendum to Civil Cover Sheet, Complaint, Notice of Case Management Conference, Plaintiffs' Proof of Service of Process on Marten, and Order re: Complex Determination Hearing are attached hereto as Exhibits A-H to the Declaration of Lily Duong ("Duong Decl.") filed concurrently herewith.

2. Plaintiffs served Marten with the Summons and Complaint on March 29, 2023. *See* Duong Decl., Ex. G. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

## II. SUMMARY OF PLAINTIFFS' ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Marten pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. at ¶¶ 62-68.

5. Plaintiffs allege in the Complaint that they "bring this case as a class action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure § 382." Compl. at ¶ 63.

6. Plaintiffs' Complaint alleges violations of (i) California Labor Code ("Labor Code") §§ 201-203, 204, 226, 226.3, 226.6, 1182.11, 1182.12, 1194, 1197, and 1197.1; and (ii) California's

Unfair Competition Law ("UCL"), based on alleged failure to pay for all hours worked. *See generally* Compl.

7. Plaintiffs seek declaratory relief, "damages and restitution according to proof at trial for all unpaid wages and other injuries," "injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law [alleged in the Complaint]," "an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest," an order awarding compensatory damages, attorneys' fees and costs of suit, and interest. Compl. at Prayer for Relief.

8. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs, but including attorneys' fees; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9. Marten denies any liability as to the claims of the putative class members. Marten expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. For purposes of meeting the jurisdictional requirements for removal only, however, Marten submits that this action satisfies all requirements for federal jurisdiction under CAFA. Specifically, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.    The Putative Class Consists Of More Than 100 Members**

10. Plaintiffs' putative class encompasses "all current and former over-the-road truck drivers of Marten Transport, LTD, who drove for Marten in California at any time beginning four years prior to the filing of this Complaint until the date of class notice." Compl. ¶ 63. Marten has a good-faith basis to believe, and on that basis avers, that during the period of March 22, 2019 to the present, there are at least 490 over-the-road truck drivers who drove for Marten in California.

///

*See* Declaration of Susan Deetz ("Deetz Decl.") at ¶ 3.[1]  Accordingly, while Marten denies that class treatment is permissible or appropriate, based on the Complaint allegations, the proposed class plainly consists of more than 100 members.

### B.  The Amount Placed in Controversy Exceeds $5 Million

11.  Although Marten denies that Plaintiffs' claims have any merit and disputes that Plaintiffs are entitled to any of the sums sought in the Complaint, Marten avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' requested monetary recovery exceeds $5 million.

12.  Plaintiffs' allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").  As demonstrated below, the $5 million threshold is easily met by considering Plaintiffs' claims and damages theories.

13.  <u>Unpaid Wages</u>.  Plaintiffs bring a claim for failure to pay for all hours worked under Labor Code § 204 and IWC Wage Order No. 9.  Compl. at ¶¶ 69-81.  Specifically, Plaintiffs allege that "Defendant has maintained and continues to maintain a policy of denying the Drivers any compensation for time logged as 'Off duty' and 'Sleeper berth,'" and Plaintiffs further allege that such time is compensable under California law.  *Id.*  Plaintiffs allege Marten's drivers have "off duty" or "sleeper berth" periods of more than 10 hours.  *Id.* at ¶ 60.

14.  Marten denies that it failed to pay drivers for all hours worked.  Marten further denies that it has violated Labor Code § 204 or IWC Wage Order No. 9 in any manner.  But applying Plaintiff's claims and proposed class—for the purposes of meeting the jurisdictional requirements

///

///

///

---

[1] The Notice of Removal "need not contain evidentiary submissions," and Marten reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

for removal *only*—puts between **$11.7 and $23.5 million** at issue.[23] *See* Deetz Decl. at ¶¶ 3-4. This alone satisfies the $5 million threshold for CAFA.

15. <u>Minimum Wage Penalties</u>. Plaintiffs also assert that members of the putative class have been "deprived of minimum wages" for their "off duty" and "sleeper berth" time, in violation of Labor Code §§ 1182.11, 1182.12, 1194, et seq. Compl. at ¶¶ 84-88. Labor Code § 1197.1 provides for a penalty of one hundred dollars ($100) per employee per initial violation and two hundred fifty dollars ($250) per employee for each subsequent violation plus an amount sufficient to recover underpaid wages, liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

16. Marten denies that it failed to pay Plaintiffs or any putative class member any wages due and that it violated Labor Code §§ 1194 or 1197 in any manner whatsoever. Nevertheless, applying Labor Code § 1197.1's penalties to Plaintiffs' claims —for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$24.4 million** at issue.[4] Deetz Decl. at ¶¶ 3-4.

17. <u>Inaccurate Wage Statement Penalties</u>. Plaintiffs also assert that Marten does "not provide Plaintiffs and putative Class members with accurate itemized wage statements," in violation of Labor Code § 226 et seq. Compl. at ¶¶ 90-91. As Plaintiffs note in the Complaint, Labor Code § 226(e) provides for a penalty of fifty dollars ($50) per employee per initial violation and one hundred dollars ($100) per employee for each subsequent violation, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee.

///

---

[2] The calculation: 490 over-the-road drivers who drove in California x 4 years x 50 weeks (assuming 2 weeks off per year) x 10 hours (<u>conservatively</u> assuming only 1 full 10-hour non-driving period per week) x $12 (the lowest California minimum wage within the proposed 4-year class period) = $11,760,000. Assuming each driver had 2 full 10-hour non-driving periods per week would double the amount in controversy – $23,520,000.
[3] California's minimum wage steadily increased throughout the proposed class period. As of January 1, 2023, the California minimum wage is $15.50 per hour. Applying the higher minimum wage rates would <u>increase</u> the amount in controversy.
[4] The calculation: 4 years x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = 200 violations per driver. (1 initial violation x $100) + (199 subsequent violations x $250) = $49,850 in penalties per driver. 490 drivers x $24,850 = $24,426,500.

18. Marten denies that it failed to provide Plaintiffs or any putative class member accurate wage statements and that it violated Labor Code § 226 in any manner whatsoever. Nevertheless, applying Labor Code § 226(e)'s penalties to Plaintiffs' claims—for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$1.9 million** at issue.[5] Deetz Decl. at ¶¶ 3-4.

19. Attorneys' Fees. Plaintiffs also seek "attorneys' fees, costs and expenses incurred in bringing this action." Compl. at ¶¶ 35-36; Request for Relief. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent." (citation omitted)); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

20. Marten denies that any such attorneys' fees are owed to Plaintiffs or the putative class and reserves the right to contest the application of the 25% benchmark in this case. But, for purposes of this jurisdictional analysis *only*, Marten relies on Plaintiffs' allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiffs' request for attorneys' fees places at least an additional **$9.5 million** in controversy.

21. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 135 S. Ct. at 554) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain

---

[5] The calculation: 4 years x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>200 violations per driver</u>. (1 initial violation x $50) + (199 subsequent violations x $100) = $19,950 in penalties per driver – <u>however</u>, this triggers § 226(e)'s $4,000 penalty cap. Therefore, 490 drivers x 4,000 = <u>$1,960,000</u>.

6

CASE NO. _____
DEFENDANT'S NOTICE OF REMOVAL

evidentiary submissions."); *Lewis*, 627 F.3d at 401 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (emphasis added).

### C. Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens

22. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C.§ 1332(d)(2)(A).

23. Plaintiffs allege that they are residents of Oceanside and Bloomington, California and that Marten is a Wisconsin corporation" Compl. at ¶¶ 27-29. Plaintiffs seek to represent a class of "all current and former over-the-road truck drivers of Marten Transport, LTD, who drove for Marten in California at any time beginning four years prior to the filing of this Complaint until the date of class notice." *Id.* at ¶ 63. Marten avers, for the purposes of removal only, that the putative class includes individuals who are citizens of other states.

24. Because the putative class purports to encompass anyone who worked in California, and includes over-the-road truck drivers, common sense dictates that the putative class includes people who are not citizens of California. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in California "[b]y its terms . . . includes individuals who were physically located in, but were no residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of "other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

25. Marten avers, for the purposes of removal, that many over-the-road truck drivers who have driven for Marten in California are not citizens of this State.

26. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). Plaintiffs' residences in California and Marten's Wisconsin headquarters satisfies CAFA's minimal diversity requirement.

27. Because Marten has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

28. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   (a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);
   (b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);
   (c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and
   (d) a member of the putative class is a citizen of a state different from Marten as required by § 1332(d)(2)(A).

29. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

30. The United States District Court for the Northern District of California, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiffs originally filed the case, in the Superior Court of Alameda County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

31. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A-H to the Declaration of Lily Duong filed concurrently herewith.

///

///

32. Upon filing the Notice of Removal, Marten will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Alameda County, pursuant to 28 U.S.C. § 1446(d).

33. WHEREFORE, Marten hereby removes to the Court the above action pending against it in the Superior Court of California, Alameda County.

Dated: April 28, 2023                             BAKER & McKENZIE LLP

By: _____
Michael E. Brewer
Lily S. Duong
Attorneys for Defendant
MARTEN TRANSPORT, LTD.